IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles Johnston and Sarah Woodman, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 17-cv-5509 |
| v. | ) |
| | ) COMPLAINT FOR VIOLATION OF |
| Keith Olson, Michael Walsh, Jr., Domingo | ) CIVIL RIGHTS AND STATE |
| Enriquez, Jr., Mark Trost, Michael Wrobel, | ) SUPPLEMENTAL CLAIMS |
| Andrew Kovac, and the City of Chicago, | ) |
| | ) |
| Defendants. | ) JURY DEMANDED |

## **COMPLAINT**

### JURISDICTION AND VENUE

1. This is an action for constitutional (and related state law) violations by Chicago police officers.

2. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

3. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

4. Venue is proper in the Northern District of Illinois under 28 U.S.C. Section 1391 because the acts complained of occurred here and, upon information and belief, the Defendants reside here.

### PARTIES

5. At all times herein mentioned, Plaintiff, Charles Johnston, was and is a citizen of the United States, and resides within the jurisdiction of this court.

1

6. At all times herein mentioned, Plaintiff, Sarah Woodman, was and is a citizen of the United States, and resides within the jurisdiction of this court.

7. At all times herein mentioned, Keith Olson, Michael Walsh, Jr., Domingo Enriquez, Jr., Mark Trost, Michael Wrobel, and Andrew Kovac were employed by the City of Chicago Police Department and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago. These Defendants are being sued in their individual capacities.

8. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

9. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

FACTUAL ALLEGATIONS

10. As of March 22, 2017, Sarah Woodman and Charles Johnston lived at 4514 S. Lowe Ave, 1st Floor, in Chicago, Illinois.

11. Plaintiff Sarah Woodman leased the apartment.

12. Plaintiff Charles Johnston regularly stayed the night and kept many of his belongings there.

13. On March 22, 2017, the defendant police officers pulled over and arrested Charles Johnston after he departed from the residence.

14. One or more of the individual defendant police officers then forcibly entered the Plaintiffs' apartment.

15. The police had no legal cause to enter the home.

16. The police then searched the home.

2

17. During their search, one or more of the defendant officers damaged the door of the home, the walls of the home, and items within the home.

18. During their search of the home, one or more of the officers seized prescription medicine belonging to Johnston: Hydrocodone-Acetaminophen.

19. The Hydrocodone-Acetaminophen pills were in a pill bottle and clearly labeled as medicine prescribed to Johnston.

20. The police also seized penicillin that had been prescribed to Johnston's cousin's baby (whose mother had dropped it there).

21. The defendant officers proceeded to charge Johnston with possession of a controlled substance in violation of 720 ILCS 570.0/402-C, which was a Class 4 Felony.

22. In the complaint, Officer Enriquez swore that Johnston had violated Illinois law by possessing 2.5 hydrocodone pills and 12 penicillin pills, despite the fact that the hydrocodone was Johnston's own prescription medicine (and labeled as such) and despite the fact that penicillin is not a controlled substance.

23. The officers caused Johnston to be falsely charged, and they did so with malice and without probable cause.

24. The officers wrote (and contributed to) false reports in furtherance of these false charges.

25. The police officers seized $1,600 from Johnston.

26. There was no reason whatsoever for them to seize his money.

27. Johnston had this amount of money on him because he had collected it from the tenants in the building to give to the landlord.

28. The officers caused Johnston's car to be towed and impounded.

29. There was no reason for them to seize and impound his vehicle (it could have been left parked on the street).

30. Johnston was then jailed at a Chicago police station.

31. Johnston was then transferred to Cook County Department of Corrections ("CCDOC") in the early morning hours of March 23, 2017 where his detention continued.

32. Late in the evening on March 23, 2017, Johnston was released from CCDOC after Woodman posted a bond of $1,000.

33. Johnston had to pay to get his vehicle out of impound.

34. The charges against Johnston were dismissed on April 19, 2017 after the judge found no probable cause.

35. Woodman and Johnston have been harmed emotionally and financially by the above-described events.

36. Defendants' above-described acts were willful, wanton, and malicious and done with reckless indifference to and callous disregard for plaintiffs' rights and justify the awarding of punitive damages against the individual defendants to punish and deter them and deter other police officers from similar conduct.

37. Plaintiffs have had to retain an attorney to render legal assistance to them in this civil action so that they might vindicate their constitutional rights.

**Count I**
Woodman and Johnston against Individual Defendants
for Unlawful Search of the Home

38. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

4

39. The Fourth Amendment[1] provides: "The right of the people to be secure in their ... houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

40. The Defendants violated the Plaintiffs' rights by 1) forcibly entering and searching their home without a valid warrant or other legal cause and 2) by unreasonably damaging parts of the home as well as items within it.

41. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' home, was in violation of Plaintiffs' constitutional rights and not authorized by law.

42. By reason of the conduct by Defendants, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

43. Therefore, the Defendants are liable to Plaintiffs for illegal search pursuant to 42 U.S.C. § 1983.

**Count II:**
Johnston against Individual Defendants
for Unreasonable Seizure of his Person

44. Plaintiff Johnston hereby incorporates and re-alleges paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

45. The Fourth Amendment[2] provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

---

[1] Applicable to the states through the 14th Amendment
[2] Applicable to the states through the 14th Amendment

46. The defendant police officers violated Johnston's constitutional rights by detaining and arresting him without legal cause; causing him to be detained in police lock up and then Cook County jail; and falsely charging him with a crime.

47. Therefore, the individual defendants are liable to Johnston under 42 U.S.C. § 1983.

### Count III
Woodman against Individual Defendants
for Unreasonable Seizure of Her Person

48. Plaintiff Woodman hereby incorporates and re-alleges paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

49. The Fourth Amendment[3] provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

50. The defendant police officers violated Woodman's constitutional rights by detaining her without legal cause (while her home was searched).

51. Therefore, the individual defendants are liable to Woodman under 42 U.S.C. § 1983.

### Count IV
Johnston against Individual Defendants
for Unreasonable Seizure of His Vehicle

52. Plaintiff Johnston hereby incorporates and re-alleges paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

---

[3] Applicable to the states through the 14th Amendment

53. The Fourth Amendment[4] provides: "The right of the people to be secure in their … effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

54. On March 22, 2017, one or more individual defendants seized Johnston's 2003 Ford Expedition and caused it to be impounded.

55. They did so without legal cause.

56. Therefore, the individual defendants are liable to Johnston under 42 U.S.C. § 1983.

### Count V
Johnston against Individual Defendants
for Unreasonable Seizure of His Money

57. Plaintiff Johnston hereby incorporate and re-allege paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

58. The Fourth Amendment[5] provides: "The right of the people to be secure in their … effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

59. On March 22, 2017, one or more individual defendants seized money from Johnston.

60. They did so without legal cause.

61. Therefore, the individual defendants are liable to Johnston under 42 U.S.C. § 1983.

---

[4] Applicable to the states through the 14th Amendment
[5] Applicable to the states through the 14th Amendment

**Count VI**
Johnston against all Defendants
for state law tort of Malicious Prosecution

62. Plaintiff Johnston hereby incorporates and re-alleges paragraphs one (1) through thirty-six (36) as though fully set forth at this place.

63. The defendant officers caused Johnston to be charged with violating 720 ILCS 570.0/402-C (possession of a controlled substance).

64. They did so with malice and without probable cause.

65. The charges terminated in plaintiff's favor on April 19, 2017: on that date, the judge found no probable cause and dismissed the charges.

66. Johnston has been harmed by these false charges in at least the following ways: he was detained in the police station and then in Cook County Jail; he faced the possibility of prison time for something he had not done; he had to pay for a criminal defense attorney to represent him; and he now has false charges on his record.

67. The City of Chicago is liable for the acts of its agents under *respondeat superior*.

68. Therefore, all defendants are liable to Johnston for malicious prosecution under Illinois state law.

**Count VII**
Woodman and Johnston Against City of Chicago
For Indemnification pursuant to 745 ILCS 10/9-102

69. Plaintiffs hereby incorporate and re-allege the above paragraphs as though fully set forth at this place.

70. Pursuant to 745 ILCS 10/9-102, the City of Chicago is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

71. The acts of the individual defendants were committed within the scope of their employment.

72. In the event that a judgment for compensatory damages is entered against any or all of the individual defendants, the City of Chicago must pay the judgment[6] and may pay the associated attorneys' fees and costs.

WHEREFORE, CHARLES JOHNSTON and SARAH WOODMAN, by and through their attorney, Law Office of Julie O. Herrera, request that the Defendants be found liable and that:

a. all defendants be ordered to pay plaintiff's compensatory damages;

b. all defendants be ordered to pay plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

c. the individual defendants be ordered to pay punitive damages;

d. all defendants be ordered to pay plaintiffs' costs.

Respectfully submitted,

BY:    *Julie O. Herrera*

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com

---

[6] excluding punitive damages